# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ALBERT F. BROCKMAN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )     **1:09CV558** |
| | ) |
| **CITY OF HIGH POINT, et al.,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a "Motion for Liberation" in which he seeks to be set free from his incarceration on rape and robbery convictions. Some of his reasons are based on the book of Leviticus in the Bible, the Koran, the Moorish Great Seal Zodiac Constitution, and an assortment of other documents. However, others are more familiar to federal habeas law and include insufficient evidence and violations of various federal constitutional amendments. Given the aim of the submission and some of the arguments raised, it could only be cognizable in this Court as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. It will be so construed. Unfortunately, for the following reasons, the petition cannot be further processed.

    1.    Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

    2.    Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. [Attached instructions and Rule 3(a), Rules Governing § 2254 Cases.]

    3.    The Court notes that Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name

the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction, Alvin W. Keller, Jr.

Because of these pleading failures, this particular petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed as a habeas petition under 28 U.S.C. § 2254, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

                /s/ Donald P. Dietrich
            **Donald P. Dietrich, U.S. Magistrate Judge**

August 3, 2009